Katrina CLAYTON, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and Marvin Williams, Defendants-Respondents,†

STATE of Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Subrogated-Plaintiff,

INDEPENDENT HEALTH CARE PLAN,
Intervening Plaintiff.

Court of Appeals

*No. 2007AP51. Submitted on briefs September 4, 2007.
—Decided September 25, 2007.*

2007 WI App 228

(Also reported in 741 N.W.2d 297.)

† Petition to review denied 12/19/07.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Victor C. Harding* of *Warshafsky, Rotter, Tarnoff & Bloch, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Emile H. Banks, Jr.* and *Brenda M.S. Rivecca* of *Emile Banks & Associates, LLC*, Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J.   Katrina Clayton, who was severely injured when she was run over by a car owned by Marvin Williams, appeals the circuit court's grant of summary judgment to Williams and his insurer, American Family Mutual Insurance Company. The circuit court ruled that Williams was protected against liability by Wisconsin's Good Samaritan statute, WIS. STAT. § 895.48(1). We conclude that there are genuine issues of material fact that need to be tried. Accordingly, we reverse.

**I.**

¶ 2.   Clayton was hurt when the car owned by Williams hit her when she was in front of her home

trying to avoid a car driven on the sidewalk by Johnnie Mae Carter, who was apparently trying to run over her husband and his girlfriend. Carter struck the Williams car, which was parked in front of Clayton's house. This pushed Williams's car so it hit Clayton. The right front tire of his car rose onto the sidewalk curb, and Clayton wound up under Williams's car.

¶ 3. According to Clayton, she was under Williams's car but had sufficient room under the car to breathe and was not in pain. She claims that Williams then got into his car, started it, and drove it forward so the right front tire came down off of the curb, thereby pinning Clayton underneath the car. Clayton asserts that Williams's car continued to roll forward, and the right front wheel crushed her right shoulder. Additionally, she was badly burned by the car's exhaust system. At that point, Clayton contends that when her brother yelled at Williams to stop or he would "kill her," Williams got out of his car, and left the engine running. Ultimately, the car was lifted off of Clayton, and she was taken to a hospital. Williams denied in his deposition getting into the car and driving it over Clayton.

¶ 4. The circuit court held that irrespective of whose version of the events was true, the Good Samaritan statute protected Williams against liability for Clayton's injuries.

## II.

¶ 5. Our review of a circuit court's grant of summary judgment is *de novo*. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). Similarly, our interpretation of the Good Samaritan statute is also *de novo*. *Mueller v.*

*McMillian Warner Ins. Co.*, 2006 WI 54, ¶ 20, 290 Wis. 2d 571, 581, 714 N.W.2d 183, 188.

¶ 6. The Good Samaritan statute, WIS. STAT. § 895.48(1) provides, as material here: "Any person who renders emergency care at the scene of any emergency or accident in good faith shall be immune from civil liability for his or her acts or omissions in rendering such emergency care." There are thus three requirements before the statute relieves a person from liability:

> (1) Emergency care must be rendered *at the scene of the emergency;*

> (2) The care rendered must be *emergency care;* and

> (3) Any emergency care must be rendered *in good faith.*

*Mueller*, 2006 WI 54, ¶ 23, 290 Wis. 2d at 582, 714 N.W.2d at 188 (emphasis in original). "[A]ll three elements" must be met before § 895.48(1) protects the alleged tortfeasor from liability. *Mueller*, 2006 WI 54, ¶ 24, 290 Wis. 2d at 582, 714 N.W.2d at 188.

¶ 7. As we have seen, Williams denied driving his car over Clayton. Thus, there is an issue of fact as to whether he did or did not. Further, there is also an issue of fact whether, if he *did* drive his car over Clayton, he made an "initial evaluation" of Clayton's condition and drove the car forward as part of his rendering of "emergency care," *see id.*, 2006 WI 54, ¶ 46, 290 Wis. 2d at 591, 714 N.W.2d at 192 (" '[E]mergency care' under the statute refers only to the initial evaluation and immediate assistance, treatment, and intervention at the scene of an emergency during the period before care

can be transferred to professional medical personnel."), or whether he did so in "good faith." The summary judgment Record is wholly silent on these matters because Williams denied that he drove the car over Clayton, and this per force means that he did not submit summary judgment material in support of his contention that the Good Samaritan statute protects whatever he did, on which he had the burden of proof. *See Sullivan v. Bautz*, 2006 WI App 238, ¶ 13 n.5, 297 Wis. 2d 430, 438 n.5, 724 N.W.2d 908, 912 n.5 (party asserting the affirmative of a proposition has the burden of proof); *Estate of Anderson v. Anderson*, 147 Wis. 2d 83, 88, 432 N.W.2d 923, 926 (Ct. App. 1988) (party asserting affirmative of a proposition has the burden of proof); *see also Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 290, 507 N.W.2d 136, 139 (Ct. App. 1993) (party has the burden to set forth specific facts to establish the elements on which they have the burden of proof at trial). Accordingly, we reverse and remand for trial.[2]

*By the Court.*—Judgments reversed and cause remanded.

---

[2] Our resolution of the Good-Samaritan issue moots that part of Clayton's appeal that seeks vacatur of the circuit court's amended order awarding costs to the defendants.